*Law Library*

**IN THE SUPERIOR COURT OF GUAM**

SUPERIOR COURT
OF GUAM

2012 AUG 22 PM 4: 01

THE PEOPLE OF GUAM,                )
                                   )      **CRIMINAL CASE NO. CF0086-12**
            vs.                    )
                                   )      **DECISION AND ORDER**
NICOLAS BORJA,                     )
                                   )
            Defendant.             )
_____)

## INTRODUCTION

This matter came before the Honorable Judge James L. Canto II on the Defendant's motion to suppress, filed May 31, 2012. Oral arguments were heard on June 25, 2012. Assistant Attorney General Suzanne K. Horrigan appeared on behalf of the Government and Assistant Public Defender Mikaela J. Silkey represented the Defendant. Having considered the parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order.

## BACKGROUND

On February 5, 2012, Donna Masga ("Masga") awoke in the middle of the night to a loud crash. (Test. of Donna Masga, R. Log at 2:34-3:26, June 25, 2012.) She went into the living room and found her vase full of pennies toppled by the porch window screen. *Id.* With the porch light on, Masga could see a skinny man climb into her house through the porch window. *Id.* Masga shouted at the man to leave, but he entered the house and stood still while she picked up her phone and turned on the living room light. *Id.*

Under the living room light, Masga could see that the man wore only plaid blue boxer underwear and black paint under his eyes. *Id.* The man stood under the light less than ten (10) feet away from Masga and stared at her for approximately twenty (20) seconds. *Id.* Masga continued to shout at the man until he agreed to leave and walked out the front door. *Id.* Masga locked the front door and watched the man stand on the porch from her open window. *Id.* He left when she called the police. *Id.*

The police received the call at 4:18 a.m. and Officers John Edwards and Arthur Munier

arrived at Masga's house at 4:24 a.m. (Test. of Arthur Munier, R. Log at 3:33-4:04, June 25, 2012.) The officers broadcast Masga's description of the man over the police radio. *Id.* About five (5) minutes later, Officer Joaquin Castro found the Defendant walking down the street from Masga's house in plaid blue boxer underwear with black mascara under his eyes and a brown shirt in his hand. (Test. of Joaquin Castro, R. Log at 5:42-6:08, June 25, 2012.)

Officer Castro placed the Defendant under arrest while Officers Edwards and Munier drove Masga to the precinct to identify him. (Test. of Joaquin Castro at 5:42-6:08; Test. of Arthur Munier at 3:33-4:04; Test. of John Edwards, R. Log at 5:07-5:40, June 25, 2012.) Masga identified the Defendant as the burglar three (3) times: 1) during his roadside arrest; 2) in the precinct parking lot; and 3) in the precinct interview room. *Id.* These events concluded before approximately 5:00 a.m., or less than an hour after the initial police response. *Id.*

## DISCUSSION

Under Guam law, a courtroom identification is not admissible when it is based upon a suggestive pre-trial identification procedure and it is not independently reliable. *People v. Chargualaf,* 2001 Guam 1 ¶ 36. A pre-trial identification procedure may be unnecessarily suggestive when the defendant is the only person in police custody who is presented for identification. *Id.* at ¶ 38 n. 4. However, an identification remains admissible when it is independently reliable and thereby undercuts the substantial likelihood of misidentification from a suggestive procedure. *Id.* at ¶¶ 40, 47. The independent reliability of an identification is determined by the totality of the circumstances, including: 1) the opportunity of the witness to view the criminal at the time of the incident; 2) the witness' degree of attention; 3) the accuracy of the witness' prior description of the incident; 4) the level of certainty demonstrated by the witness at the pre-trial identification; and 5) the length of time between the crime and the pre-trial identification. *Id.* at ¶ 39 (*quoting Neil v. Biggers*, 409 U.S. 188, 199-200, 93 S.Ct.375, 382, 34 L.Ed.2d 401 (1972)).

In this case, the Defendant moves to suppress his courtroom identification on the basis of suggestive pre-trial identification procedures. Assuming arguendo that the pre-trial identification of the Defendant was unnecessarily suggestive because he was the only person

presented to Masga in police custody, the Court must determine whether Masga's identification is independently reliable under the totality of the circumstances.

First, Masga had the opportunity to view the Defendant at close range under her living room light for twenty (20) seconds. This is sufficient to support the reliability of Masga's identification. *See e.g. Chargualaf*, 2001 Guam 1 at ¶ 41; *U.S. v. Burnette*, 698 F.2d 1038, 1046 (9th Cir. 1983). Second, Masga could recall many events of the encounter, including the sound of the crashing vase and pennies, the moment when she picked up her phone, and the Defendant's plaid blue boxers and black face paint. Masga's attentiveness during the encounter supports the reliability of her identification. *Chargualaf*, 2001 Guam 1 at ¶ 42 (*citing Archuleta v. Kerby*, 864 F.2d 709, 712 (10th Cir. 1989)). Third, Masga accurately described the Defendant as wearing only plaid blue boxers with black paint under his eyes and her accurate description supports the reliability of her identification. *Id.* at ¶ 43. Fourth, Masga's identification of the Defendant has been unequivocal at all times and her certainty supports the reliability of her identification. *See Archuleta*, 864 F.2d at 712. Fifth, Masga identified the Defendant three (3) times within one (1) hour of the crime, and this short interval supports the reliability of her identification. *Chargualaf*, 2001 Guam 1 at ¶ 45. For these reasons, Masga's identification is reliable and admissible because the suggestive procedure did not produce a substantial likelihood of misidentification under the totality of the circumstances.

///

///

## CONCLUSION

Based upon the foregoing, the Defendant's motion to suppress courtroom identification is hereby DENIED.

**SO ORDERED** this 22nd day of August, 2012.

**HON. JAMES L. CANTO II**
**Judge, Superior Court of Guam**

AUG 2 2 2012

Ryan T. Balajadia